# ATTACHMENT 8



## EXPECT EXCELLENCE

David P. Bertsch, Esq.
Direct Dial: (330) 572-0324
Direct Fax: (330) 572-0325
Email:      dbertsch@stark-knoll.com

May 22, 2015

**Via email: Kerry.bundy@FaegreBD.com and**
**Regular U.S. Mail**

Kerry L. Bundy, Esq.
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minn. 55402-3901

RE: Shirley Bord, et al. v. Buffalo Wild Wings, Inc.
    Summit County Ohio Common Pleas Case No. CV 2014-06-2919

Attorney Bundy:

We are in receipt of your April 30th letter wherein you assert BW-3 is somehow in default of the parties' Agreement for not converting its store to the "Stadia" design. It is no coincidence that BWW first raised this spurious issue only after suit was filed for its own breach of Plaintiffs' territorial rights under the parties' Agreement.

There certainly was no suggestion that BW-3 was in breach of any provision of the Agreement when the parties met at the BW-3 store in December 2013 to discuss BWW's possible purchase of BW-3's territorial rights under the Agreement. Indeed at that time, BWW's James Schmidt indicated BWW was interested in also purchasing the actual store property for construction of a new Stadia store because the site was in a great location directly across the street from the Akron University campus and stadium. Schmidt further stated BWW would not consider such a purchase unless it could also acquire adjacent parcels because the BW-3 property was too small to accommodate the new Stadia footprint on its own.

It was not until months after the lawsuit was filed that BWW first suggested BW-3 would be in breach of the Agreement unless it converted its store to the Stadia design. Counsel thereafter agreed to table the issue until after mediation in order to see if they could settle upon a price for BWW's purchase of BW-3's territorial rights under the Agreement. Having failed to reach agreement on a price, BWW is now acting upon this bogus declaration of default in a transparent attempt to seize the territorial rights it could not purchase through mediation.

Kerry L. Bundy
May 22, 2015
Page 2

You state that BWW is "amenable" to discussing coordination of the "scope walk" for implementation of the conversion to a Stadia store. It makes no sense to conduct such a "scope walk" when BWW has already indicated the property will not accommodate the Stadia footprint. There is also no point in discussing BW-3's implementation of BWW's operational and procedural enhancements (*e.g.*, POS System, Guest Loyalty Program and Guest Experience Business Model), if BWW is intent upon terminating BW-3 for failure to build a Stadia store.

Given BWW's stated intention to terminate the Agreement on Saturday May 30th, we should discuss in the meantime how to minimize the disruption to BW-3's business caused by its being forced to discontinue using BWW products and trademarks. But be advised that BW-3 will hold BWW liable for all additional damages it sustains as a result of BWW's bad faith termination of the Agreement.

Sincerely,

David P. Bertsch

DPB/bjm
cc:   John Fairweather, Esq. (jfairweather@brouse.com)

13127.002-604712v1