**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BUFFALO WILD WINGS, INC.** | ) | CASE NO. 5:16-cv-01183 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| **BW-3 OF AKRON, INC.,** | ) | **BW-3 OF AKRON, INC.'S REPLY IN SUPPORT OF ITS FRCP 56(c)(2) OBJECTION TO CERTAIN OF BWW'S SUPPORTIVE MATERIALS** |
| | ) | |
| Defendant-Counterclaimant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SHIRLEY K. BORD, et al.** | ) | |
| | ) | |
| Counterclaimants. | ) | |

BW-3 of Akron, Inc. ("BW-3") stands by its FRCP 56(c) Objection [Doc. 106] and continues to ask the Court to consider the issues raised in that Objection.  Although Buffalo Wild Wings, Inc. ("BWW") was able to find district court decisions where courts did not consider "motions to strike" that (i) were not included in responses, or (ii) were filed after responses and replies, neither FRCP 56 nor any other rule of the Federal Rules of Civil Procedure requires that result.  As this Court and others have previously recognized, the 2010 amendments to Rule 56 replaced "'… a clear, bright-line rule ("all documents must be authenticated") with a multi-step process…'".[1]  And that multi-step process clearly gives courts the discretion both to give a party an opportunity to address a fact that it failed to address in other filings and to grant summary judgment, even if there was a failure.  FRCP 56(e) makes that discretion plain.

---

[1] *Loadman Group, L.L.C. v. Banco Popular N. America*, No. 4:10-CV-1759, 2013 WL 1154528, *9 (N.D. Ohio Mar. 9, 2013)(quoting *Foreword Magazine, Inc. v. OverDrive, Inc.,* No. 1:10–CV–1144, 2011 WL 5169384, at *2 (W.D.Mich. Oct. 31, 2011)).

> **(e) Failing to Properly Support or Address a Fact.** *If a party fails* to properly support an assertion of fact or fails *to properly address another party's assertion of fact as required by Rule 56(c), the court may:*
>
> **(1)** *give an opportunity to properly* support or *address the fact;*
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** *grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it;* or
>
> **(4)** issue any other appropriate order. *[emphasis added.]*

With BW-3's filing of its Objection [Doc. 106] and BWW's filing of its Memorandum in Opposition [Doc. 108], both parties have essentially sought the opportunity (on BW-3's part) to address and (on BWW's part) to support certain assertions of fact in accordance with FRCP 56(e)(1). While BW-3 contends that the appropriateness of its summary judgment motion is now even clearer in light of those filings, this Court should grant BW-3's motion for summary judgment in any case in accordance with FRCP 56(e)(3). The Parties' briefs and supporting materials—including the facts considered undisputed—demonstrate that BW-3 is entitled to summary judgment on BWW's claims whether BWW's attorney letters, expert "reports," or internet comments are disregarded or not.

Respectfully submitted,

*/s/ Gordon D. Woolbert, II*
Gordon D. Woolbert, II (0068581)
Merle D. Evans, III (0019230)
DAY KETTERER LTD.
200 Market Avenue North, Suite 300
Canton, Ohio  44701-4213
Telephone (330) 455-0173
gdwoolbert@dayketterer.com
mdevans@dayketterer.com

*Counsel for Defendant,
BW-3 of Akron, Inc.*

2

**PROOF OF SERVICE**

The undersigned hereby certifies that on this 25th day of October, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Gordon D. Woolbert, II*
Gordon D. Woolbert, II (0068581)
*One of the Attorneys for Defendant,*
*BW-3 of Akron, Inc.*